NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3060

BILLY R. ZEH, JR.,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

———————————————

DECIDED: August 26, 2005

———————————————

Before NEWMAN, Circuit Judge, ARCHER, Senior Circuit Judge, and SCHALL, Circuit Judge.

PER CURIAM.

## DECISION

Billy R. Zeh petitions for review of the final decision of the Merit Systems Protection Board ("Board") denying his petition for enforcement of a settlement agreement between him and the Department of the Treasury ("agency"). Zeh v. Dep't of Treasury, No. AT-0752-01-0636-C-2 (M.S.P.B. Sep. 22, 2004) ("Final Decision"). We affirm.

DISCUSSION

I.

Mr. Zeh was an employee of the Federal Law Enforcement Training Center ("FLETC"), which, at the time, was a bureau within the agency. In May of 2001, the agency removed Mr. Zeh for alleged misconduct. Mr. Zeh appealed his removal to the Board. In November of 2001, Mr. Zeh and the agency settled the case. Among other things, the settlement agreement required the agency to reinstatement Mr. Zeh and to process his resignation effective February of 2002. Thereafter, the agency agreed, "[a]ny inquiries made to the [a]gency for employment will be forwarded to a neutral party in the Human Resources Division, who will state that [Mr. Zeh] resigned and that his performance was fully successful."

In October of 2003, Mr. Zeh filed a petition with the Board seeking enforcement of the settlement agreement. See Zeh v. Dep't of Treasury, No. AT-0752-01-0636-C-2, slip op. at 4 (M.S.P.B. Jan. 7, 2004) ("Initial Decision"). Specifically, Mr. Zeh sought rescission of the settlement agreement and reinstatement of his appeal. Id. at 4. In support of his petition, he contended that the agency had violated the settlement agreement by: (1) not referring potential employers to the Human Resources Division; (2) not furnishing neutral references in response to employment inquiries; and (3) not responding to an employment questionnaire. Initial Decision, at 1.

In urging that the agency had violated the settlement agreement, Mr. Zeh submitted evidence from Ms. Linda Oparnica, an employee of a company called Documented Reference Check ("DRC"). Apparently, Mr. Zeh hired DRC to contact individuals at FLETC in order to ascertain how they would respond to employment

reference inquires from prospective employers. Ms. Oparnica allegedly contacted three agency employees and transcribed the telephone conversations she had with them.

In response, the agency submitted sworn affidavits of the three agency employees Ms. Oparnica purportedly contacted. Each employee stated that someone named Reynolds had contacted them, and each stated that they had referred Mr. Reynolds to the human resources office. All three employees averred, however, that they had never spoken with a person named Linda Oparnica. The agency also submitted the employees' telephone logs, which did not indicate any calls to or from Ms. Oparnica's area code during the time listed on her telephone conversation transcripts.

The administrative judge ("AJ") to whom the case was assigned determined that Mr. Zeh had failed to prove his claim that the agency had violated the settlement agreement. See Initial Decision, at 6-9. She found that the conversations Mr. Zeh and Ms. Oparnica alleged took place did not occur. Id. at 7. After considering the evidence, the AJ also rejected Mr. Zeh's claim that DRC sent an employment questionnaire to the agency's human resources office that was not returned by the agency. Id. at 8 n.9. The AJ thus denied Mr. Zeh's petition for enforcement of the agreement. Id. at 9. The Initial Decision became the final decision of the Board after the Board denied Mr. Zeh's petition for review. See Final Decision. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained

without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2004); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

We understand Mr. Zeh to argue that the Board erred by placing too much weight on the employee testimony and telephone logs provided by the agency, and by rejecting the telephone conversation transcripts provided by Ms. Oparnica. However, we must affirm the Board's decision if we find substantial evidence in the record to support the decision, for "[i]t is not for this court to reweigh the evidence before the Board." Henry v. Dep't of Navy, 902 F.2d 949, 951 (Fed. Cir. 1990).

In this case, the Board evaluated the conflicting evidence and accepted the evidence proffered by agency employees Cheryl Hoskins, Stephen Brooks, and David Behrend. This evidence supports the Board's rejection of the evidence provided by Ms. Oparnica. With respect to the questionnaire, the AJ credited the affidavit of Joseph Caneva, Chief Human Capital Officer at FLETC, who averred that "[a]lthough I cannot absolutely state that a questionnaire was not sent to [the Human Resources Division], I can state that it is very unlikely that such a questionnaire was received without coming to the attention of my staff." Thus, substantial evidence supports the Board's conclusion that Mr. Zeh failed to establish that the agency breached its agreement to report that Mr. Zeh resigned and that his performance in federal service was fully successful.

However, even if the purported conversations with Ms. Oparnica did take place, it does not appear from the transcripts that Mr. Zeh has submitted that the agency breached its settlement agreement. The information all three agency employees are alleged to have provided about Mr. Zeh was only neutral, such as the title of his position

and the fact that he had indeed been employed at the agency. All three declined to respond to Ms. Oparnica's request for more negative information, and referred Ms. Oparnica to the Human Resources Office. The fact that any astute potential employer would become suspicious by such evasive answers is a shortcoming of settlement agreements such as these, not the result of non-compliance by the agency.

For the foregoing reasons, the decision of the Board denying Mr. Zeh's petition for enforcement of the settlement agreement is affirmed.